**16**

William R. KENNEDY, Plaintiff,

v.

PACIFIC INDEMNITY COMPANY,
a corporation, Defendant.

Civ. 66–289.

United States District Court
D. Oregon.

April 19, 1967.

Robert F. Nichols, Forrest E. Cooper, Lakeview, Or., for plaintiff.

Donald E. Hershiser, Hershiser, Canning, Pullen, Mitchell & Rawls, Portland, Or., for defendant.

OPINION AND ORDER

SOLOMON, Chief Judge:

Plaintiff, William R. Kennedy, brought this action as beneficiary of an accident policy which his son, Fred Kennedy, purchased from Pacific Indemnity Company (Pacific) through his Richfield Oil Company (Richfield) credit card. Plaintiff claims the $15,000 face amount of the policy. The only issue is whether the policy had lapsed for nonpayment of premiums before Fred Kennedy's accidental death.

In August, 1964, Pacific and Richfield agreed to offer accident insurance to holders of Richfield credit cards. Richfield agreed to send its credit card holders a brochure prepared by Pacific explaining Pacific's proposed insurance contract, and include a $2.80 premium in each month's statement to card holders who purchased the policy.

Fred J. Kennedy received Pacific's brochure and purchased the policy. Richfield added the premium to Kennedy's monthly bill, mailed to him on the 15th of each month. Kennedy paid these bills promptly through January, 1965. He did not pay his February bill until May 6. He paid his March bill on May 28, two days before he accidentally drowned. He had not paid the bills sent to him in April and May.

Richfield's billing is automatic. The computer does not distinguish between money paid for automobile products and insurance premiums. When a bill is 60 days overdue, the computer automatically adds a service charge equal to 15 per cent interest on the overdue balance, including insurance premiums and prior service charges.

Pursuant to their agreement, Richfield gave Pacific a single payment each month for the total insurance premiums on all accounts listed as current and which were to be billed to credit card holders that month. Richfield agreed not to notify Pacific that an insured had failed to pay premiums until his payments were four months overdue. Richfield programmed its computer to reject any insured card holder's account that had become four months delinquent, and thereafter sent Pacific the names of rejected accounts. Pacific would then return the premiums Richfield advanced and Richfield in turn would credit that amount to its customer.

The computer does not reject accounts of insured card holders that are less than 120 days overdue. A card holder can avoid notice by paying before the 120th day. As long as an account is less than 120 days overdue, and the insured remains alive, neither Richfield nor Pacific knows that the premiums are not fully paid.

Pacific would retain the premiums, and Richfield the service charges even though under defendant's theory the insured was not covered for a portion of that period and even though the customer had no notice that he was not covered.

Richfield advanced the $2.80 monthly premium on Fred Kennedy's policy each month from October, 1964, to September, 1965. Pacific was unaware that Kennedy was delinquent until plaintiff's claim caused it to examine his account.

Pacific contends that Richfield advanced premiums merely to simplify accounting and that the practice was not intended to benefit the policyholders. Pacific asserts that the payment Fred Kennedy made May 28, 1965, was for the March premium and that the 31-day grace period allowed by the policy expired May 1, 1965. Pacific therefore contends that it is not liable to plaintiff because its policy had lapsed.

I disagree. At the time of Kennedy's death, Pacific considered his accident policy in force. Pacific accepted advances from Richfield, knowing that Richfield charged interest (euphemistically labeled "service charge") on late payments. Pacific did not attempt to credit these payments either to Richfield or to Kennedy's account until after it had notice of Kennedy's accidental death—the event which gave plaintiff the right to collect the principal amount of the policy. Prior to that time, it did not send Kennedy a cancellation notice or notify him that he must pay his insurance premiums more promptly than his other credit card bills. Pacific also knew that Richfield applied late payments to the oldest outstanding bill, although ORS 741.130 and the policy do not allow the application of payments to premiums more than 60 days overdue.

In my view, Pacific cannot maintain accounting, billing and notice procedures which permit it to keep its insureds' premiums without giving them coverage, nor can it receive premium advances from an agent that charges insureds interest on late payments and then

contend that the advances do not benefit the insureds.

Even under Pacific's strict construction of the policy, plaintiff is entitled to recover.

On February 15, 1965, Richfield billed Kennedy for his February insurance premium. He made no payment until May 6, 1965, when he paid the amount billed in February. On May 28, Kennedy paid the amount billed to him in March. Pacific contends that these payments should be applied to the February and March premiums and that the grace period should begin April 1 and expire May 1. This contention fails to consider the lapse and reinstatement caused by non-payment of the February premium.

The policy issued to Fred Kennedy provides for renewal each month by paying the premium due on the first of each month,[1] even though Richfield did not bill Kennedy until the 15th. The grace period for the February premium expired and the policy lapsed on March 3, which was 31 days after the due date.[2] Kennedy did not pay his February bill (for gasoline and other charges made during the preceding 30 days and for the insurance premium due February 1) until May 6. Pacific had no right under the policy to credit the $2.80 for insurance to February, since at that time more than 60 days from the expiration of the grace period had elapsed.[3]

The payments Kennedy made on May 6 and 28 applied to premiums due no earlier than March and April. The grace period began to run no earlier than May 1, and had not expired when Kennedy drowned May 30.

Even though Kennedy intended that his May 6 payment cover the February bill and his May 28 payment cover his March bill, his intent is not controlling. ORS 741.130 and the policy's reinstatement provision do not permit a late payment to be applied to any period more than sixty days prior to reinstatement.

ORS 736.325 grants to a successful plaintiff attorneys' fees from an insurance company if the company fails to settle the claim within six months after a proof of loss is filed.

Plaintiff is entitled to a judgment of $15,000.00, reasonable attorneys' fees which I fix at $3,000.00, plus costs.

This opinion shall serve as findings of fact and conclusions of law in accordance with Rule 52(a), Fed.R.Civ.P.

---

1. Policy Period, Term, Renewal Conditions
This policy takes effect on the Effective Date stated above [October 1, 1964] and continues in effect until the date on which the Initial Term [one month] expires and may be renewed thereafter * * * by timely payment of the renewal premium * * * at the time of each * * * renewal. The Company's acceptance of premium shall constitute its renewal consent subject to provision entitled "Grace Period". All periods of insurance shall begin and end at 12:01 A.M. Standard Time at the place where the Insured resides.

2. Grace Period
* * * [A] grace period of 31 days will be granted for the payment of each premium falling due after the first premium during which grace period the policy shall continue in force, subject to the right of the Company to cancel in accordance with the cancellation provision hereof.

3. Reinstatement
If any renewal premium be not paid within the time granted the Insured for payment, a subsequent acceptance of premium by the Company or by any agent duly authorized by the Company to accept such premium, without requiring in connection therewith an application for reinstatement, shall reinstate the policy * * *. The reinstated policy shall cover only loss resulting from such accidental injury as may be sustained after the date of reinstatement. *Any premium accepted in connection with a reinstatement shall be applied to a period for which premium has not been previously paid, but not to any period more than 60 days prior to the date of reinstatement.* (emphasis added)
This provision is required in all Oregon accident insurance policies. ORS 741.130.